BECKA, PLAINTIFF-APPELLEE, *v.* HORVATH, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25861. Decided July 19, 1962.

*Mr. Frank B. Fults,* for plaintiff-appellee.
*Messrs. Johnson, Weston, Blackmore, Cory & Hurd,* for defendant-appellant.

(COLLIER and BROWN, JJ., of the Fourth Appellate District, and DONAHUE, J., of the Seventh Appellate District, sitting by designation in the Eighth Appellate District.)

DONAHUE, J. This appeal on questions of law, assigns just two alleged errors, one dealing with a given written instruction, and the other with the refusal to give a requested written instruction.

Plaintiff-appellee, a blind man, lived with defendant-appellant, a brother-in-law. Plaintiff rode with defendant to work daily. The regular habit was for the two men to leave the house together. Plaintiff would stop at the bottom of the steps. Defendant would back out of the garage and part way out of the drive. Plaintiff, after a wait of a minute or a minute and a half would then walk to where he knew the car was waiting, and get in.

On the morning in question defendant was forced to deviate a little. He was in a hurry, and backed off the strips forming the driveway and had to pull forward and start back again. Plaintiff waited the usual time and then walked to where he expected the car to be and defendant hit him, breaking his leg.

Trial resulted in a verdict for plaintiff.

The instruction complained of by defendant charged that

defendant owed plaintiff "a greater degree of care" than if the plaintiff had not been blind. This, defendant alleges, told the jury, in effect, that defendant owed a greater degree of care than "ordinary care."

The use of the word "degree" in various cases and texts over the years has left us somewhat puzzled as to when it should and when it should not be used. Some cases and authorities indicate that there is only one degree of care, i. e., ordinary care. Others use the term indiscriminately to signify the amount of care in a particular situation which will be ordinary care.

Actually the dispute over the use of the word must be resolved by a rule of thumb in each case. Did it in the particular case, taken with other written instructions and the court's general charge, confuse or clarify the issue presented to the jury?

In our case, we feel that the use of the word "degree," coupled with the rest of the court's charge in no way tended to present an improper picture to the jury. We feel that, all in all, the jury could gather only the meaning that defendant owed the duty of no more than ordinary care and that the amount of care to be exercised would be greater because of plaintiff's known handicap.

The refused three paragraph instruction dealt with the use of the blind man's "remaining faculties" with greater diligence, because of his blindness.

A similar three paragraph requested instruction was given with regard to the sense of hearing.

The court refused the instruction on the ground that it would unduly emphasize the duty required of the blind man. We are in agreement. We believe the two instructions which were so closely alike, would have been unduly repetitious, and since the sense of hearing was the most important, we feel that the court wisely chose that one and discarded the other.

Judgment affirmed.

Exceptions. Order see journal.

BROWN, P. J., and COLLIER, J., concur.